CORTÉS & SEGURA, INC., Plaintiff and Appellant, *v.* FERNANDO J. CORTÉS, Defendant and Appellee.

No. 5411. Argued May 8, 1931.—Decided May 13, 1932.

*F. Soto Gras* for appellant.    *Frazer & Castro Fernández* for appellee.

Mr. Justice Aldrey delivered the opinion of the Court.

The plaintiff corporation herein appeals from an order fixing the amount of costs to be paid by it.

The attorney for the appellant, as a preliminary question and in language which we do not desire to characterize, attacks our decision in *Brac* v. *Ojeda et al.*, 27 P.R.R. 605, which was confirmed in *Ramírez* v. *American Railroad Company*, 28 P.R.R. 168. The same attorney has made the same attack, particularly in *Fragoso* v. *Marxuach*, 32 P.R.R. 634, where, independently of the cases above cited, we took up again the question of costs and after careful consideration reached the same conclusion as in the first two decisions cited. This disposes of the question thus raised in the appellant's brief.

The judgment rendered by the lower court in the main action herein was reversed by this Supreme Court, and we dismissed the complaint with costs on the plaintiff. We base our judgment on the fact that the president of the plaintiff corporation had no power by himself to remove the de-

fendant as manager of the corporate property or to dispossess him thereof, and that the defendant was not wrongfully in possession of such property. *Cortés & Segura, Inc.* v. *Cortés,* 40 P.R.R. 525.

The memorandum of costs filed by the defendant contains several items; one of these covers the fees of the stenographer for making the transcript of the evidence, and another item of $2,500 for attorney's fees. The total amount was $2,713.25. The plaintiff objected to this memorandum and the lower court approved it after scaling the total amount down to $859.80, having reduced to $800 the item of $2,500 claimed as attorney's fees.

Seven errors are assigned by the appellant in support of its appeal. Of these, the first and sixth are argued separately and the others jointly.

By the first assignment the appellant claims that the lower court erred in not declaring as null and void for want of jurisdiction the award of costs set forth in the judgment rendered by this Court in the said case. It will suffice to say at this time that section 306 of the Code of Civil Procedure, as amended in 1906, provides that when this Court reverses a judgment it shall proceed to render such judgment as the court below should have rendered. In conformity with that provision, we rendered the judgment that should have been rendered by the lower court and also decided the question of costs which that court had before it. Therefore, this Court had jurisdiction to award costs, acting in the place of the lower court, and we did not impose any costs originally incurred in this Court.

The sixth ground of appeal is that the court erred in approving the item for the payment of a certain sum for the stenographic transcript of the evidence prepared in connection with the appeal of the defendant.

The item referred to in the assignment is stated in the memorandum of costs thus: ''Fees for the stenographer for the transcript of the evidence, $195.''

In passing upon this item the district court expressed itself thus:

"The item of $195 for stenographer's fees for the transcript of the evidence is objected to because such fees are not recoverable as costs and because no statement from the stenographer accompanies the memorandum. Stenographer's fees are charged according to a schedule and, therefore, are included in the costs. *Veve v. Municipality of Fajardo*, 18 P.R.R. 738. See also *Gandía v. Stubbe*, 37 P.R.R. 713. No receipt or statement from the stenographer has been presented from which it can be determined whether the amount charged conforms to the schedule. It does not appear whether the sum of $195 was paid for a single copy of the transcript of the record or for the three copies referred to in the statute. The copy presented by the defendant at the hearing of the memorandum, in order that the work might be examined by the court, contains 249 pages. Each page has about 200 words. Ten cents is the scheduled rate for each 100 words. As there is no proof that three copies were furnished, and no presumption arises on this point, the item is reduced to $49.80."

The appellant insists that nothing could be charged because the transcript was procured for the purpose of the appeal and because it has been repeatedly held by this Supreme Court that no costs of appeal are allowed. The case of *Polanco v. Goffinet et al.*, 30 P.R.R. 821, is specifically cited in this connection.

Section 5 of the Act of March 10, 1904, providing for the appointment, etc., of stenographers of district courts, in its pertinent part reads as follows:

"It shall be the duty of each reporter to furnish, on the application of the Attorney General, district fiscal, or any party to a suit in which a stenographic record has been made, a typewritten copy of the record, or any part thereof, for which he shall be entitled to receive, in addition to his salary, a fee of ten cents per one hundred words, to be paid by the party requesting the same, and to be taxed as costs in the case against the party finally defeated in the action;...."

It does not appear from the record what was the specific use made of the transcript prepared by the stenographer in

the instant case; but even conceding that the same was used for the purpose of the appeal, we think that the wording of the statute warranted the inclusion of such transcript as a taxable item in the memorandum of costs allowed to the prevailing party, especially when such action is supported by the decisions of this Supreme Court cited by the trial judge, and also by the cases of *López* v. *American Railroad Company,* 22 P.R.R. 248, and *Finlay* v. *Cobián,* 25 P.R.R. 48.

In the *Goffinet* case, *supra,* specially invoked by the appellant, the holding was as follows:

"The second assignment is that the court should have included in the memorandum the amount paid to the stenographer for preparing the record for the appeal to the Supreme Court. This item was not specified in the memorandum. The decision of the court says nothing about it. The amount of it is not even fixed. Furthermore, he evidently referred to the costs of the appeal, of which the district court had no jurisdiction and which were not and could not be imposed."

As may be seen, the facts of that case were quite different and the attention of the court was focused only on the proposition that the fixing of the costs of appeal was, as it really is in all cases, beyond the jurisdiction of the district court.

In arguing jointly the other assignments of error the appellant says that the same may be reduced to three essential points, as follows: First, whether the plaintiff is guilty of obstinacy (*temeridad*) in prosecuting the action; second, if so, the degree of such obstinacy; and third, the value of the professional services and the portion thereof that should be paid by the plaintiff in view of the degree of its obstinacy.

The imposition of costs on the plaintiff that we ordered when reversing the judgment rendered by the lower court against the defendant shows, from the facts then set forth by us, that the plaintiff had acted obstinately in suing Fernando J. Cortés and in depriving him of the management of the corporate property which he had lawfully in his possession. Our judgment containing the pronouncement of costs is

final (*firme*) and, therefore, any discussion or decision as to whether or not such pronouncement was erroneous would not be now in order.

As regards the second point, we will say that according to the jurisprudence established by a majority of this Court it is necessary to fix in the judgment the degree of obstinacy, which can be determined at the time of the rendition of the judgment or thereafter, when passing upon the memorandum of costs. After considering the conclusion reached by the district court, we find that the same conforms to the attendant circumstances of the case, and that the sum fixed agrees with the viewpoint both of the present members of the Court who participated in establishing by a majority vote the said jurisprudence, and of the writer of this opinion who thinks that the sum in question is the reasonable value of the services of counsel in an ordinary case of obstinacy.

The third point is disposed of by the foregoing observations on the other points raised. As it is not urged in the assignment of errors that the lower court erred in assessing at $800 the fees of the attorney for the defendant, we can not hold that the plaintiff is not bound to pay the amount.

The order appealed from must be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.